United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. SINCLAIR,<br><br>          Plaintiff,<br><br>   v.<br><br>CITY OF SACRAMENTO,<br><br>          Defendant.<br>_____/ | No. C-07-5668 EMC<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT** |

      Plaintiff Robert A. Sinclair, proceeding pro se, initiated this lawsuit in November 2007 but approximately a month later voluntarily dismissed his case. *See* Docket Nos. 6-7 (notices of dismissal, filed on 12/12/2007 and 12/14/2007). The dismissal was without prejudice. *See* Fed. R. Civ. P. 41(a)(1) (providing that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"; adding that, "[u]nless the notice . . . states otherwise, the dismissal is without prejudice," provided that the plaintiff did not "previously dismiss[] any federal- or state-court action based on or including the same claim," in which case the "notice of dismissal operates as an adjudication on the merits").

      On September 1, 2009, almost two years after the dismissal, the Court received two e-mail communications from Mr. Sinclair, in which he appears to be seeking relief from this Court in spite of his earlier dismissal. The Court construes these e-mail communications, which this Court orders be filed, from Mr. Sinclair as a motion to reopen the case, or a motion for relief from final judgment, pursuant to Federal Rule of Civil Procedure 60(b). *See Hunter v. Hunter*, 66 F.3d 1002, 1004 (9th

Cir. 1995) (noting that "[c]ourts have held [that a voluntary dismissal] is a judgment, order, or proceeding from which Rule 60(b) relief can be granted"); *Walker v. Department of Veterans Affairs*, No. 94 Civ. 5591 (MBM), 1995 U.S. Dist. LEXIS 15691, at *2-3 (S.D.N.Y. Oct. 25, 1995) (stating that, "although a voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a) does not have the preclusive effect on later claims, such a dismissal is a final judgment in the sense that it ends the pending action [and] [a]ccordingly, plaintiff may proceed under Rule 60(b)"); *see also* 8-41 Moore's Fed. Prac. -- Civ. § 41.33[6][i] (stating that "[t]he court retains jurisdiction to consider a motion by the plaintiff to vacate a notice of dismissal under Rule 60(b).").

The Court hereby **DENIES** Mr. Sinclair's Rule 60(b) motion for the following reasons.

First, Rule 60(b) allows for relief from a final judgment only under certain circumstances -- *e.g.*, where there has been a mistake, inadvertence, surprise or excusable neglect; where there is newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; and where there is fraud by the opposing party. Mr. Sinclair's e-mails do not establish that any of the grounds listed in Rule 60(b) have been met. Moreover, to the extent Mr. Sinclair could argue that there is a basis for relief pursuant to one of the grounds listed in Rule 60(b)(1), (2), or (3), the motion for relief is untimely. *See* Fed. R. Civ. P. 60(c) (providing that "[a] motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding").

Second, it appears that Mr. Sinclair is seeking to reopen the case in order to have a state court conviction removed from his record. There is no federal process, however, by which a state court conviction may be expunged. *Compare, e.g.*, Cal. Pen. Code § 1203.4 (providing, under state law, a process for expungement). Thus, there is no basis for federal jurisdiction. To the extent Mr. Sinclair is trying to assert a claim for habeas relief,[1] it does not appear that he would be entitled to such relief. The federal writ of habeas corpus is only available to persons "in custody" under the conviction or sentence under attack at the time the petition is filed, and here there is no indication that Mr. Sinclair was in custody at the time he initiated this lawsuit. *See* 28 U.S.C. § 2254(a);

---

[1] Mr. Sinclair's original complaint indicated that he was pursuing claims pursuant to 42 U.S.C. § 1983 and California Civil Code § 52.1.

2

*Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *see also Woodson v. AG*, No. C 97-353 EFL (PR), 1997 U.S. Dist. LEXIS 1298, at *3 (N.D. Cal. Feb. 6, 1997) (stating that "[a]n absence of custody at the time of filing a federal petition for a writ of habeas corpus cannot be cured by even the most grievous collateral consequences stemming from the conviction under attack since the court is without subject matter jurisdiction"). Even if Mr. Sinclair was in custody, he has not established that he has exhausted his state judicial remedies, which he is required to do before he can challenge his conviction collaterally in a federal habeas proceeding. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

As a final point, the Court notes that, even if a federal court could provide Mr. Sinclair with the relief he seeks, this Court does not appear to be the proper federal court. The only defendant in this case is the City of Sacramento, which is not within the Northern District of California but rather the Eastern District of California.

For the foregoing reasons, Mr. Sinclair's motion is denied.

IT IS SO ORDERED.

Dated: September 4, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. SINCLAIR, | No. C-07-5668 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CITY OF SACRAMENTO, | |
| Defendant. _____/ | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 4, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Angelo Sinclair
249 San Luis Avenue, Apt #3
San Bruno, CA 94066

Dated: September 4, 2009

Richard W. Wieking, Clerk
By: Leni Doyle, Deputy Clerk

4